# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

Civil No:_____

Jeremy Jones

    Plaintiff,


vs.


UNITED STATES FEDERAL BUREAU OF PRISIONS

Attorney General Merrick Garland, Individual Capacity

  "FBOP" Federal Bureau Of Prisons Director Collette Peters, Individual Capacity

   Residential Re-Entry Manager Mrs. M. Fulgum, Individual Capacity

   Director "Dismas Charities" Williams, Individual Capacity

   Assistant Director Dismas Charities T. Moore, Individual Capacity

   Counselor A Jones-Williams Dismas Charities, Individual Capacity


         Defendants.

---

# CIVIL RIGHTS COMPLAINT PURSUANT TO 42 USCS 1983

---

(1)

Jurisdiction :

This court has Jurisdiction pursuant to 28 USCS 1331, original jurisdiction in all civil actions over all claims arising under the U.S. Constitution and the Laws of the United States and 28 USCS 1343(a)(4), original jurisdiction of any civil action authorized by law and commenced by any person to recover damages, secure equitable relief, and any other relief under any act of Congress providing for protection of civil rights.

Liberal Construction:

Plaintiff request the court to construe his filings liberally. (See Haines v Kerner 404 U.S. 519) (1972)

In Forma Pauperis:

Plaintiff request that the court allow him to proceed in forma pauperis.

Comes NOW, Plaintiff Jeremy Jones proceeding pro se and hereby presents the civil action for the deprivation of his "liberty interest" and or Due Process Rights (Fifth Amendment).

GROUNDS FOR RELIEF:

Because of the defendants deliberate actions of not letting Jones appear before an impartial decision maker or to present evidence on his behalf  in front of what is known as the Disciplinary Hearing Officer " (DHO) " and not giving him a "DHO" report where the evidence relied upon to convict him of said acts in

(2)

(Exhibit 1) and sanctioning him to 41 days of loss of good time depriving and restraining him of his constitutional Liberty would be revealed, extending his release date from custody from October 12 2023 to November 23 2023 without his knowledge where he cannot timely appeal the unlawful sanctions. Plaintiff Jones' is alleging that he is being deprived and restrained of his liberty in violation of the U.S. Constitutions' Fifth Amendment and Laws Of the United States.

FACTS:

Plaintiff Jones, is a federal inmate housed at Dismas Charities or ("Dierson Charities") 1629 Winchester Road Memphis Tennessee 38116 also known as a "Half Way House." Jones was originally sentenced to 102 months of incarceration to be served in the Federal Bureau Of Prisons by the Western District Of Tennessee , Western Division. The "Half Way" house allows federal inmates at the end of there sentence or in pre-release custody (18 USC 3624(c)) to work, have time to practice religious acts and live in the community without restraint and to live for extended periods of time within a less restrictive environment than a traditional prison. Jones was transferred via unescorted furlough from Federal Prison Camp Duluth, Minnesota to Dismas Charities on or about April 12 2023 with a release date from his sentence of October 13 2023. (See Exhibit 1) Jones was to remain in Dismas Charities 6 months (Oct 13 2023).

On September 25 2023 Jones received an Incident (See Exhibit 2) from Dismas Charities (Counselor A-Williams) titled Federal Bureau Of Prisons "Escape From Work Detail, Non -Secure Institution" Code 200. Jones was approved by Counselor A-Jones-Williams to attend said class in which he is accused of escaping from (See Exhibit 3)

On approximately September 26 2023 Counselor J. Turntine investigated the report.

(3)

On September 27 2023 Jones met with Assistant Director T Moore and Counselor A Jones-Williams about the alleged incident report.

On September 29 2023 a Disciplinary hearing ("DHO") for Jones for the above incident report was conducted and where Jones was sanctioned to 41 days of loss of Good Time extending his release date without his knowledge and without allowing him the opportunity to appear in front of an impartial decision maker to present evidence in his defense.

Law:

EXHAUSTION OF REMEDIES: Jones argues that the administrative remedy process is not "available" and he cannot appeal his incident report and sanctions. The inmate grievance process is like a lawsuit and is protected under the First Amendment see Sprouse v Babcock 870 F. 2d 450 (8th Cir 1989).

Jones is suffering "irreparable harm" where his has to stay in custody past his release date where his due process rights have been violated a "Substantial constitutional issue."

The Prison Litigation Reform Act of 1995 ("PLRA") mandates prisoners exhaust 'such administrative remedies as are available before bringing suit to challenge prison conditions." Ross v Blake, 136 S. Ct. 1850, 1854-55, 195 L. Ed 2d 117 (2016)(quoting  42 U.S.C 1997e(a)).

Section 42 U.S.C. 1997e(a)) requires however that administrative remedies be "available" in order  for the exhaustion requirement to apply.

A failure to exhaust may be excused where:

1) Requiring exhaustion of administrative remedies cause prejudice due to un-reasonsable delay or indefinite time frame for administrative action.
2) The agency lacks the ability or competence to resolve the issue or grant relief because the agency is biased.,

(4)

3) Appealing through the administrative process would be futile because, has pre-determined the issue

4) Where a substantial constitutional issue are raised.

Dismas Charities staff violated Jones Due Process Rights afforded under Wolff V McDonell 418 U.S. 539 556 94 S. Ct. 2963. 4 935(1974) by not providing him with a DHO hearing, a chance to present evidence on his behalf before an impartial decision maker and copy of his DHO report so that he could administratively appeal the sanctions.

The Supreme Court stated in Wolff... states The minimum requirements of the Due Process in such proceedings are as follows:

1) Receipt of written notice of charge in advance of the hearing
2) ***An opportunity to be heard before an impartial decision maker***
3) ***The right to call witnesses and present evidence where the same will not be duly hazardous to safety or correctional goals and***.
4) ***A written statement as to the evidence relied on and the reason and for the decision.***

see  Wolff 418 U.S. at 564-66 also see Superintendent Mass Corr. Inst.  Walpole v Hill 472 U.S. 445. 454. 105 S. Ct. 2768 86 L. Ed. 2d 356 (1985).

Jones argues that is "liberty interest" in good time credits and being release from custody has been violated causing irreparable harm. The failure to provide Jones with a DHO hearing and a DHO report in the specified time frame provided by BOP program statements also violated the minimal due process requirements set forth by the Supreme Court in Wolff and Superintendent Courts.

The essence of due process is the requirement that "a person in jeopardy of serious loss (be given) notice of the case against him and a opportunity to meet it" Matthews v Eldridge 424 U.S. 319, 348-49 96 S. Ct. 893 47 L .Ed. 2d 18

(5)

(1976)(quoting Anti-Fascist Comm v Mcgrath 341 U.S. 123 171-72 71 S. Ct. 624 95 L. Ed  817 (1951)(Frankfurter, J., concurring))


PREJUDICE AND REQUESTED RELIEF:


Jones has not received a 'DHO" hearing , a report, appear in front of or present evidence to an impartial decision maker or appeal his sanctions. Jones found out about his sanctions and the extending of his release date (Custodial restraint) by going on  www.bop.gov.   (Inmate Locater)


Jones freedom will be restrained 41 extra days without any protections provided by the United States Constitution. Jones has a "Liberty Interest" in his good conduct time and being released from BOP custody. Jones is currently suffering "irreparable harm."


Jones request mandatory damages in the amount determined by a jury and to the extent possible-release from custody on before or after October 13 2023.


CONCLUSION: Trial By Jury Requested

Respectfully submitted,


/s/ Jeremy Jones #29510-076

Dated September 5 2023

5859 Jardin Place

Mem TN 38141

(6)